UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-23468-MC-UNA

|  |  |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF ANDRES FELIPE ARIAS LEIVA _____/ *Defendant.* | ) ) ) ) ) |

### RESPONSE TO THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO BAIL

The Defendant, Mr. Andres Felipe Arias Leiva ("Defendant" or "Arias Leiva"), by and through undersigned counsel herein files this Response to the Government's Memorandum of Law in Opposition to Bail.

**I.     Statement of Facts**

Arias Leiva is a forty-three year old male, native of Colombia born on May 4, 1974.  He served as the Eighth Minister of Agriculture and Rural Development of Colombia, a cabinet-level position in the executive branch, from 2005 to 2009. After resigning from his post as the Minister of Agriculture and Rural Development in 2009, Arias Leiva found himself under investigation for mismanagement of government funds.  The Attorney General of Colombia after a succession to a new administration under a new president  charged Arias Leiva with Embezzlement for Third Parties in violation of Article 397 of the Colombian Criminal Code and Conclusion of Contract without Fulfilling Legal Requirements in violation of Article 410 of the same code.

Arias Leiva's criminal trial began on June 14, 2011 and ended on February 25, 2014. At the end of his trial prior to the issuance of any judgment, Arias Leiva left Colombia for the United States by plane on June 13, 2014, accompanied by his wife and two minor sons. Following his departure, the Criminal Cassation Division of the Supreme Court of Justice in Bogota, Colombia ("Supreme Court") issued a judgment convicting Arias Leiva of both offenses and sentencing him to two hundred nine (209) months and eight (8) days of imprisonment.

Upon being inspected and admitted into the United States, Arias Leiva immediately sought protection as a political asylee. His asylum application remains pending with the United States Citizenship and Immigration Services ("USCIS"). In the interim, Arias Leiva works as a credit analyst for Reditus Group and resides in Weston, Florida with his immediate family.

On August 24, 2016, Arias Leiva was arrested pursuant to a complaint and warrant issued by U.S. Magistrate Judge John O'Sullivan seeking the Defendant's extradition to Colombia based on an extradition treaty between Colombia and the United States, Sept. 14, 1979, S. Treaty Doc. No. 97-8 (1981) (hereinafter "the Treaty").

Colombia now seeks the extradition of Arias Leiva to serve the sentence imposed pursuant to Article 2 of the Treaty, which provides for the extradition of persons accused or convicted of Embezzlement for Third Parties and Conclusion of Contract without Fulfilling Legal Requirements.

The Defendant requests that that he be released on bond pending the hearing on the certification of the extradition pursuant to 18 U.S.C. §§ 3184 et seq. and files this response in support thereof.

**II.     Applicable Law**

The Federal Statute 18 U.S.C. §§ 3184 et seq. governs extradition procedures in the United States. Although there is no explicit mention of providing bail, the statute in part states that the authorized magistrate judge "shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made." Id. Therefore, following the arrest of a fugitive in an extradition case, a fugitive will generally remain in custody during the pendency of his extradition hearing.

Generally, The Government opposes bond in international extradition cases unless there are "special circumstances" supporting the granting of bail. See Wright v. Henkel, 190 U.S. 40 (1903); see also United States v. Leitner, 784 F.2d 159 (2d Cir. 1986). Consequently, the two-part test to determine whether a fugitive qualifies for bail is as follows: (1) determine if the fugitive is at risk of flight; and (2) determine whether "special circumstances" exist warranting the granting of bail. See In re Extradition of Hernandez-Andrade, No. 16-MC-21470-MCALILEY, *1. (Determining the existence of special circumstances involves a fact-specific inquiry and special circumstances will be found only where justification for release is clear").

To date, there is no clear-cut definition of "special circumstances" for the purposes of granting bail. As a result, courts have unpredictability applied the "special circumstances" standard in international extradition cases. Specifically as to this issue, the Eleventh Circuit has held that because an extradition proceeding is not a criminal case, the fugitive does not have the right to a speedy trial under the Sixth Amendment; and therefore, delays in an extradition case are not considered special circumstances. See  Martin v. Warden, Atlanta Penitentiary, 993 F.2d 824, 829 (11th Cir. 1993). As such, the "special circumstances" standard remains open-ended for the purposes of granting bail in extradition cases.

### III. Application

#### A. <u>Arias Leiva Does Not Pose A Risk of Flight and Can Establish Special Circumstances.</u>

Arias Leiva meets his burden in establishing that he does not pose a risk of flight and that there are special circumstances that warrant a bond in his case. In the United States, he currently has strong family ties. His wife and two (2) minor sons currently reside in Weston, Florida. He has a pending asylum application with USCIS where he seeks political protection and cannot return to Colombia. If he were to flee the country at this time, he would risk abandoning his asylum application have no country to go to. On page three of his Pretrial Service Report, U.S. Probation Service Officer Lucrecia Peralta noted "There are no known factors indicating the defendant poses a risk of danger to the community." Additionally, Arias Leiva is willing to undergo GPS monitoring, house arrest, curfews, and any other alternative to detention, so that he can be released on bond during the pendency of his extradition case.

### IV. Conclusion

In sum, Defendant Arias Leiva is not at risk of flight. During his criminal trial in Colombia he was present when necessary up until the end of his trial on February 25, 2014. On June 14, 2014, he left for the United States with his family seeking asylum within months following the end of his criminal trial. Presently, Arias Leiva's two minor sons and wife remain living in the United States. He currently has an asylum application pending with USCIS that he does not intend to abandon. During the pendency of his extradition proceedings, he agrees to cooperate with the United States to ensure the expediency of his proceedings and undergo GPS monitoring, house arrest, a curfew, etc. as an alternative to remaining in custody. Arias Leiva's release on bail would not have negative implications for U.S. foreign policy seeing that he

would still be under the United States' supervision and control. Based on the foregoing, the Defendant requests that his request for bail be granted.

                                          Respectfully submitted,
                                          LAW OFFICES OF
                                          EMMANUEL PEREZ & ASSOCIATES

                                          */s/Emmanuel Perez*
                                          _____
                                          Emmanuel Perez
                                          F.B.N. 586552
                                          901 Ponce De Leon Blvd., Suite 101
                                          Coral Gables, Florida 33134
                                          Tel: (305) 442-7443
                                          Fax: (305) 441-9218
                                          perez@lawperez.com

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on 26th of August, 2016, with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                          */s/Emmanuel Perez*
                                          _____