UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23468-MC-O'SULLIVAN

IN THE MATTER OF THE EXTRADITION
OF ANDRES FELIPE ARIAS LEIVA
_____/

## ORDER

THIS CAUSE came before the Court upon Respondent Andres Felipe Arias Leiva's ("Respondent") *ore tenus* Motion for Bond (hereafter, "Motion for Bond"), made at his initial appearance on August 24, 2016. On August 25, 2016, the Government submitted a Memorandum of Law in Opposition to Bail [D.E. 11]. On August 26, 2016, Respondent filed a Response to the Government's Memorandum [D.E. 12]. On August 26, 2016, the Court held a hearing to determine whether Respondent's Motion for Bond should be granted or Respondent be held in custody during the pendency of the extradition proceeding.

### FACTS ALLEGED IN THE COMPLAINT FOR EXTRADITION

Respondent held the position of Minister of Agriculture and Rural Development (hereafter, "Minister of Agriculture") in Colombia from 2005 to 2009. See Complaint for Extradition [D.E. 1 at 2].[1] On July 26, 2011, the Attorney General of Colombia charged Respondent with the offenses of Embezzlement for Third Parties, in violation of Article 397 of the Colombian Criminal Code; and Conclusion of Contract Without Fulfilling Legal Requirements, in violation of Article 410 of the same code. Id. at 1-2. Respondent's trial began on June 14, 2011 and ended on February 25, 2014. Id. at 2. On June 13, 2014, Respondent fled by plane to the United States. Id. On July 16, 2014, the Criminal Cassation Division of the Supreme Court of Justice, in Bogota, Colombia ("Colombia Supreme Court") issued a judgment

---

[1] Minister of Agriculture is a cabinet level position in Colombia's executive branch. Id.

convicting Respondent of both offenses and sentencing him to 209 months and 8 days of imprisonment. Id. On July 18, 2014, the Colombia Supreme Court issued a warrant for Respondent's arrest. Id.

## APPLICABLE LAW

"There is a presumption against bond in extradition proceedings" which the respondent bears the burden of overcoming. In re Extradition of Hernandez-Andrade, Case No. 1:16-mc-21470-MCALILEY (S.D. Fla. June 3, 2016) [D.E. 27 at 1]. To overcome this presumption, the respondent must prove that he or she is neither a flight risk nor a danger to the community. Id.[2] Additionally, the respondent must prove that special circumstances warrant his or her release. Id. "Determining the existence of special circumstances involves a fact-specific inquiry and special circumstances will be found only where justification for release is clear." Id. (quoting In re Extradition of Shaw, No. 14-MC-81475-WM, 2015 WL 521183, at *6 (S.D. Fla. Feb. 6, 2015)). Further, "[c]ourts consistently agree that special circumstances are supposed to be limited to the most extraordinary circumstances and cannot involve factors applicable to all potential extradities." Id. (quoting In re Extradition of Shaw, 2015 WL 521183, at *5).

## DISCUSSION

(1) Risk of Flight

In support of his contention that he is not a flight risk, Respondent argues that he has strong ties to the community because his family and two minor children reside in the area with him. Respondent also argues that if he were to abscond, he would abandon his pending asylum application and that he would have no place to go. However, these contentions are insufficient to overcome the presumption given that Respondent fled on June 13, 2014, after his criminal trial had concluded but before the Colombia Supreme Court issued its judgment of conviction.

---

[2] In this case, only risk of flight is pertinent.

2

(2) <u>Special Circumstances</u>

In support of his contention that special circumstances warrant his release, Respondent argues that his criminal conviction in Colombia was politically motivated due to his position as Colombia's Minister of Agriculture under a prior administration. The Court does not find that these are "extraordinary circumstances" which constitute "clear" "justification for release." See <u>In re Extradition of Hernandez-Andrade</u>, Case No. 1:16-mc-21470-MCALILEY [D.E. 27 at 1].

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED at Respondent's Motion for Bond is DENIED.

DONE AND ORDERED in Miami, Florida on this 30th day of August, 2016.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States Magistrate Judge John J. O'Sullivan
Counsel of Record

3