UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-23468-MC-O'SULLIVAN

IN THE MATTER OF THE EXTRADITION
OF ANDRES FELIPE ARIAS LEIVA

_____/

**GOVERNMENT'S MOTION TO REVOKE BOND OR ALTERNATIVELY TO STRENGTHEN BOND CONDITIONS**

The United States of America, by and through the undersigned Assistant United States Attorney, files this Motion to Revoke Bond Or Alternatively to Strengthen Bond Conditions.

The Court has previously denied two motions filed by Andres Felipe Arias Leiva ("Arias Leiva") seeking bail pending this extradition proceeding. [DE 16 & 34]. Arias Leiva remained in custody from the date of his arrest, August 24, 2016, until a hearing on his motion to dismiss the complaint for lack of jurisdiction held on November 17, 2016. Although the Court released Arias Leiva on bail at the November 17, 2016 hearing, it did so only in light of his pending motion to dismiss. The Court found that the question raised in Arias Leiva's motion regarding whether the Court has jurisdiction over this case lessened his risk of flight and constituted a "special circumstance." [DE 53, Tr. of Hr'g, at 39:7-40:1, 43:10-44:7]. That justification for bail no longer exists, however, because on February 6, 2017, this Court denied Arias Leiva's motion. [DE 59]. Accordingly, the government respectfully requests that the Court order Arias Leiva to be detained, or, in the alternative, that the Court order his bond conditions to be strengthened.

**I.     BACKGROUND**

On August 24, 2016, Arias Leiva was arrested on a warrant issued pursuant to a request for his extradition made by the Government of Colombia. He filed an application for bail upon

1

his arrest, and two days later, U.S. Magistrate Judge Alicia M. Otazo-Reyes held a detention hearing during which she considered the parties' briefs and heard argument from counsel for both sides. [DE 24]. At that hearing, Arias Leiva claimed that he posed no flight risk, offering to post a $600,000 bond cosigned and secured by collateral, and to submit to electronic monitoring; and that special circumstances existed warranting bail, namely, alleged political motivation for his conviction and the alleged pendency of an asylum application. [DE 24, Tr. of Hr'g, at 6:6-15:11]. The Court rejected those arguments and denied bail, finding that Arias Leiva's release would pose an unacceptable risk of flight particularly given that he had fled Colombia while on release by a Colombian court, and that none of the allegations proffered by Arias Leiva amounted to special circumstances. [DE 16].

Following a status conference held before this Court on September 9, 2016 [DE 22], new counsel for Arias Leiva filed a motion to reconsider the prior Court's detention order, re-arguing many of the same grounds why he did not pose a flight risk, and re-arguing that he had met his burden of establishing special circumstances warranting bail, including those previously alleged as well as lack of diplomatic necessity given Colombia's delay in seeking extradition, the anticipated length of the litigation, and the likelihood of success on the merits of the extradition request. [DE 27]. Following full briefing on the motion, this Court again found that Arias Leiva did not qualify for bail. [DE 34].

Thereafter, Arias Leiva filed an Emergency Motion to Dismiss Complaint and Vacate Arrest Warrant for Lack of Jurisdiction. [DE 53]. At a hearing held on the motion on November 17, 2016, the Court ordered Arias Leiva to be released on bail for the sole reason that his pending motion made his risk of flight less likely and constituted a special circumstance. [DE 53, Tr. of Hr'g, at 43:15-43:25 ("The reason that I have a different opinion [on bail] than I had a month ago

when I ruled there were not conditions was because at that time he had fled, which he still has, he has fled Colombia for the United States around the time of his conviction of just shortly before. And I felt that that showed that he would be likely to flee again, but here he is in a different position now because of the question of whether or not the Court has jurisdiction or the ability to extradite him to Colombia. And I also find that that is a special circumstance the question of whether or not the Court has jurisdiction."); see also id. at 39:7-40:1]. On February 6, 2017, the Court denied Arias Leiva's motion to dismiss for lack of jurisdiction. [DE 59].

## II.   APPLICABLE LAW

In its briefs opposing Arias Leiva's bail applications [DE 11, 31], the government previously articulated the exceedingly high bar that fugitives must surmount to obtain bail, and refers the Court to those briefs for a full discussion of the well-developed law in this area. A short summary of the standard is set forth below.

The federal statutes governing extradition procedures in the United States pursuant to treaties with other nations, 18 U.S.C. §§ 3184 et seq., do not provide for bail, and the overwhelming weight of authority supports a strong presumption against the granting of bail in extradition cases.[1] Wright v. Henkel, 190 U.S. 40, 63 (1903); Martin v. Warden, Atlanta Pen., 993 F.2d 824, 827 (11th Cir. 1993). In light of this presumption, a fugitive may not be released on bail unless he demonstrates that he is neither a flight risk nor a danger to the community and

---

[1] Further, an extradition proceeding is not a criminal case. See Kamrin v. United States, 725 F.2d 1225, 1227-28 (9th Cir. 1984); Martin v. Warden, Atlanta Pen., 993 F.2d 824, 829 (11th Cir. 1993). Consequently, the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., and its criteria governing the allowance and the amount of bail in U.S. criminal cases does not apply. The Bail Reform Act applies only to "offenses" against the United States that are triable in U.S. courts. See 18 U.S.C. §§ 3141(a), 3142, 3156(a)(2). Here, Arias Leiva has been charged with an offense against Colombia, not an "offense" within the meaning of 18 U.S.C. § 3156.

that "special circumstances" warrant bail.[2] See In re Extradition of Hernandez-Andrade, 16–21470–MC–MCALILEY, Order, at 1 (S.D. Fla. June 3, 2016); In re Extradition of Shaw, 14–81475–MC–MATTHEWMAN, 2015 WL 521183, at *5 (S.D. Fla. Feb. 6, 2015).

In determining whether a fugitive poses a risk of flight, courts have considered whether the fugitive previously fled a jurisdiction for the purpose of evading arrest. See, e.g., Matter of Tehrani, 16–250–MJ–OLIVER, 2016 WL 3456971, at *2 (C.D. Cal. June 17, 2016). Courts have also examined whether the fugitive has the wherewithal and means to flee the United States. See, e.g., In re Extradition of Beresford-Redman, 753 F. Supp. 2d 1078, 1091 (C.D. Cal. 2010) (finding "well-educated and sophisticated" fugitive facing serious charges in a foreign country was a flight risk); see also In re Extradition of Patel, 2008 WL 941628, at *2 (finding flight risk where fugitive had "more than sufficient assets available with which to flee"). In addition, courts have assessed the fugitive's incentive to flee based on the severity of the punishment for the crime alleged to have been committed. See, e.g., In re Extradition of Shaw, 2015 WL 521183, at *9.

Even if a fugitive is able to establish that he is not a flight risk or a danger to the community, he must still show that "special circumstances" exist to warrant bail. Courts generally reserve a finding that such circumstances exist to the exceptional case where there is a confluence of extraordinary factors weighing in favor of bail. See United States v. Leitner, 784 F.2d 159, 160 (2d Cir. 1986) (bail in extradition cases should be granted "only in the most

---

[2] Several courts have required fugitives to meet this burden by clear and convincing evidence, reasoning that the presumption against bail in extradition cases justifies a heightened standard of proof. See, e.g., In re Extradition of Mainero, 950 F. Supp. 290, 294 (S.D. Cal. 1996); In re Extradition of Nacif-Borge, 829 F. Supp. 1210, 1215 (D. Nev. 1993); In re Extradition of Patel, 08-430–MJ–HUBEL, 2008 WL 941628, at *1 (D. Or. Apr. 4, 2008). Certain other courts have applied a preponderance of the evidence standard.

4

pressing circumstances, and when the requirements of justice are absolutely peremptory") (quoting In re Mitchell, 171 F. 289 (S.D.N.Y. 1909) (Hand, J.)); In re Extradition of Shaw, 2015 WL 521183, at *5 ("[C]ourts consistently agree that special circumstances are supposed to be limited to the most extraordinary circumstances and cannot involve factors applicable to all potential extradites."); In re Extradition of Lui, 913 F. Supp. 50, 53 (D. Mass. 1996) ("This 'special circumstances' standard is much stricter than the 'reasonable assurance' of appearance standard made applicable to domestic criminal proceedings by the Bail Reform Act.").

### III. ARIAS LEIVA POSES A RISK OF FLIGHT, AND THERE ARE NO SPECIAL CIRCUMSTANCES WARRANTING BAIL

The Court's denial of Arias Leiva's motion to dismiss entirely negated the grounds on which he was granted bail. As an initial matter, the "special circumstance" previously found to warrant bail—the pending motion to dismiss—has plainly evaporated, and the Court has already found that no other "special circumstances" exist. Detention is warranted on this basis alone.

But even if "special circumstances" did exist, detention is also warranted for the independent reason that Arias Leiva now poses the same, if not more, risk of flight as he did when the Court detained him previously. In denying Arias Leiva's bail motions, both Magistrate Judge Otazo-Reyes and this Court found that Arias Leiva is a flight risk, noting in particular his decision to flee to the United States before the Colombian Supreme Court imposed its judgment and sentence. [DE 16 & 34]. Even at the November 17, 2016 hearing, this Court continued to recognize that Arias Leiva's decision to flee Colombia "showed that he would be likely to flee again." [DE 53, Tr. of Hr'g, at 43:20-21]. However, the Court found that Arias Leiva's incentive to flee was diminished while his motion to dismiss was sub judice. [DE 39:15-18].

5

Now that his motion has been denied, his incentive to flee the United States is once again unacceptably heightened. The Court should, therefore, remand Arias Leiva back into custody.

## IV. CONCLUSION

Based upon the foregoing, the United States requests that the Court order Arias Leiva to be detained. Alternatively, given Arias Leiva's heightened risk of flight, the United States requests that his bond conditions be strengthened. Specifically, the United States requests that in addition to the current bond conditions, the Court impose a requirement that the $1,000,000 personal surety bond be co-signed by a U.S. citizen(s) and secured with real property with sufficient equity, and any other conditions that the Court deems appropriate and just. The current $1,000,000 personal surety bond is signed only by Arias Leiva and his wife, neither of whom is a United States citizen nor owns real property in the United States. Arias Leiva fled Colombia with his wife shortly before his conviction in Colombia; based on this undisputed fact, and in light of the February 6, 2017, order denying his motion to dismiss the complaint, the Court should now revoke his bond or, alternatively, set new conditions to assure his appearance throughout these extradition proceedings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

*/s/ Robert J. Emery*
Assistant United States Attorney
Court ID No. A5501892
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9421
Fax: (305) 536-4651
Robert.emery2@usdoj.gov

/s/ Christopher J. Smith
Christopher J. Smith
Acting Associate Director
Office of International Affairs
Criminal Division
U.S. Department of Justice
Court ID No. A5502264
1301 New York Avenue NW
Washington, D.C. 20530
Tel: (202) 532-4254
Fax: (202) 514-0080

/s/ Rebecca A. Haciski
Rebecca A. Haciski
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
Court ID No. A5502265
1301 New York Avenue NW
Washington, D.C. 20530
Tel: (202) 616-2534
Fax: (202) 514-0080

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on the 27th day of February, 2017, with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Robert J. Emery
Assistant United States Attorney