UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-MC-23468-O'SULLIVAN

IN THE MATTER OF THE EXTRADITION
OF ANDRES FELIPE ARIAS LEIVA

_____/

### RESPONSE IN OPPOSITION TO MOTION TO CONTINUE EXTRADITION HEARING, OR ALTERNATIVELY, TO EXCLUDE UNRELIABLE EVIDENCE

The United States of America ("United States"), by and through the undersigned Assistant United States Attorney, hereby responds to Andres Felipe Arias Leiva's ("Arias Leiva") motion to continue the extradition hearing (DE 95).   In support thereof, the United States of America states as follows:

1.      Arias Leiva asserts several unjustifiable reasons to delay the final extradition hearing in this matter, which is currently scheduled for September 28, 2017: (1) an unsubstantiated allegation of corruption against one of the nine Colombian justices who signed the judgement of conviction entered against him; (2) an overwhelming caseload; and (3) witness issues.   None of these reasons is availing, and the Court should deny Arias Leiva's motion for a continuance.

2.      This case arises out of a decision entered by the Criminal Cassation Division of the Supreme Court of Justice in Bogotá, Colombia, convicting Arias Leiva on two embezzlement- and fraud-related charges.   This decision was issued by Justice María del Rosario González-Muñoz, and was also signed by eight other justices.   In his motion to continue, Arias Leiva presents purported evidence that one of those other eight justices, Justice José Leonidas Bustos Martínez ("Justice Bustos"), allegedly "administered justice corruptly" (without any specific reference to

1

the conviction of Arias Leiva).   (DE 95, at 1.)   Arias Leiva argues that a continuance of his extradition hearing is necessary to allow him time to investigate this evidence.   He is incorrect.

3.      Allegations of corruption are entirely irrelevant to the issues properly before the Court.   For purposes of an extradition proceeding, the Court is "bound by the existence of an extradition treaty to assume that the [fugitive's] trial [was] fair."   *Glucksman v. Henkel*, 221 U.S. 508, 512 (1911).   Accordingly, a claim of corruption in the foreign proceeding is not a valid defense to a finding of extraditability and may not be considered by the Court.   *See, e.g.*, *In re Extradition of Cruz*, No. 16 CR 283, 2016 WL 6248184, at *6 (N.D. Ill. Oct. 26, 2016) (disregarding fugitive's argument that "he will not receive a fair trial in Mexico due to corruption that he says exists in the Mexican judiciary"); *In re Extradition of Knotek*, No. LACV13-9204BROJCG, 2016 WL 4726537, at *5 (C.D. Cal. Sept. 8, 2016) (disregarding fugitive's argument that the foreign prosecution was "tainted by corruption," and noting that "challenges to the legal processes and penal systems of a foreign country—such as a claim that a foreign country's legal proceedings are corrupt—cannot be considered by extradition courts"); *Ntakirutimana v. Reno*, 184 F.3d 419, 430 (5th Cir. 1999) (refusing to consider fugitive's claim that the foreign tribunal was unable to protect his due process rights), *cert. denied*, 528 U.S. 1135 (2000).

4.      Rather, pursuant to the well-established rule of non-inquiry, any contention that the justice system of the state requesting extradition is "corrupt" may be addressed only by the Secretary of State.   *See, e.g.*, *Hilton v. Kerry*, 754 F.3d 79, 84-85 (1st Cir. 2014) (stating that the rule of non-inquiry "bars courts from evaluating the fairness and humaneness of another country's criminal justice system, requiring deference to the Executive Branch on such matters"); *Lopez-Smith v. Hood*, 121 F.3d 1322, 1327 (9th Cir. 1997) ("[U]nder what is called the 'rule of non-

inquiry' in extradition law, courts in this country refrain from examining the penal systems of requesting nations, leaving to the Secretary of State determinations of whether the defendant is likely to be treated humanely"); *Koskotas v. Roche*, 931 F.2d 169, 174 (1st Cir. 1991) ("Extradition proceedings are grounded in principles of international comity, which would be ill-served by requiring foreign governments to submit their purposes and procedures to the scrutiny of United States courts."); *Eain v. Wilkes*, 641 F.2d 504, 516-17 (7th Cir. 1981) (discussing sole discretion of Secretary of State to establish "an American position on the honesty and integrity of a requesting foreign government"), *cert. denied*, 454 U.S. 894 (1981); *Jhirad v. Ferrandina*, 536 F.2d 478, 484-85 (2d Cir. 1976) ("It is not the business of our courts to assume the responsibility for supervising the integrity of the judicial system of another sovereign nation."), *cert. denied*, 429 U.S. 833 (1979).   Indeed, a determination that a foreign judicial system is tainted by corruption could have serious foreign relations implications and is, therefore, properly made by the Secretary.   *See United States v. Fernandez-Pertierra*, 523 F. Supp. 1135, 1141-42 (S.D. Fla. 1981) (citing *Dames & Moore v. Regan*, 453 U.S. 654 (1981), and *Haig v. Agee*, 453 U.S. 280 (1981)) (noting that a "long judicial tradition" supports a "general judicial policy of deference to the executive in the area of foreign relations")).

　　　　5.　　　Arias Leiva offers no support for his claim that his purported evidence of corruption "is directly pertinent to this extradition case because it undercuts any basis for accepting [his] conviction at face value" (DE 95, at 2)—nor does any such support exist.   To the contrary, as explained in the government's prior briefing in this case, courts have repeatedly found that a foreign conviction establishes probable cause in an extradition hearing, without further examining the circumstances surrounding the conviction.   (*See* DE 82, at 13-14; DE 94, at 21.)

Accordingly, even if Arias Leiva's proposed investigation into the allegation of corruption involving Justice Bustos did somehow uncover some connection to the conviction underlying Colombia's request for his extradition, such information could not possibly have any bearing on this Court's determination of his extraditability.   Regardless, the previously agreed-upon hearing date is currently *over a month away* and affords ample time for Arias Leiva to prepare any arguments he may wish to make.   Arias Leiva's proposed investigation is thus simply a thinly veiled delay tactic, which should be rejected by the Court.[1]

6.     Arias Leiva also argues that a continuance is necessary in light of counsels' caseloads, but this argument too is unjustified.   Arias Leiva first made an appearance before the Court on August 24, 2016.   Over the past year, Arias Leiva has continued to delay the final extradition hearing through extensive litigation, including a motion to suspend his case while he unsuccessfully sought mandamus relief against this Court before the Eleventh Circuit of Appeals. After finally resolving these matters, the parties reviewed their respective caseloads and, on July 21, 2017, recommended to the Court holding the final extradition hearing on September 28, 2017 (DE 92)—a date that was more than reasonable and sufficient to allow Arias Leiva to prepare his defense.   *Compare, e.g.*, Order, *In re Extradition of Martinelli*, No. 17-22197 (S.D. Fla. Aug. 11, 2017) (Torres, J.) (setting final extradition hearing for approximately two-and-a-half months

---

[1] As an alternative to a continuance, Arias Leiva argues that this Court should find that the Colombian judgement of conviction is inadmissible in this proceeding.   (DE 95, at 3.)   Such a finding would plainly be contrary 18 U.S.C. § 3190, which requires that documents that have been authenticated by a certification of the principal diplomatic or consular officer of the United States resident in the country requesting extradition "shall be received and admitted as evidence" in an extradition hearing.   The documents offered by Colombia in support of its extradition request, including the judgment of conviction, have been so authenticated.   (*See* DE 82, at 17-18.) Accordingly, they must be admitted at the extradition hearing.

following fugitive's arrest, in case involving a voluminous extradition request); *In re Extradition of Hurtado*, No. 08–22414–MC, 2009 WL 1324215 (S.D. Fla. May 13, 2009) (O'Sullivan, J.) (extradition hearing held approximately nine months following the fugitive's arrest).   Despite this agreement, counsel for Arias Leiva now seeks to withdraw from it, and to delay unnecessarily the final hearing, by citing to multiple cases they are handling, most, if not all, of which were discussed by the parties when agreeing to the current hearing date.   Moreover, even with their proffered hectic schedule and heavy caseload, counsel for Arias Leiva was able to find time to take on at least one additional case, in which they filed a thirty-three page emergency petition for a writ of habeas corpus in the United States Supreme Court, *see In re Ricardo Martinelli*, No. 17-131 (Sup. Ct. July 24, 2017), along with an accompanying application for bail, in connection with an extradition matter currently pending before U.S. Magistrate Judge Edwin Torres in this District (*In re Extradition of Martinelli*, No. 17-22197).   Accordingly, counsels' caseload does not provide a valid reason to continue the hearing in this matter.

7.      Finally, Arias Leiva incorrectly contends that witness issues provide another reason to delay the final hearing.   As an initial matter, extradition treaties do not contemplate the introduction of live witness testimony at extradition proceedings because to do so "would defeat the whole object of the treaty."   *Bingham v. Bradley*, 241 U.S. 511, 517 (1916).   Moreover, any potential delay related to witnesses is entirely of Arias Leiva's own making.   On May 11, 2017, counsel for Arias Leiva indicated that they intended to subpoena witnesses to testify at the extradition hearing.   The undersigned informed counsel that he was not authorized to accept service for the subpoenas and provided contact information for service of process.   Arias Leiva then waited until August 21, 2017—the day before filing his motion to continue, and a month after

the Court set the hearing date—to issue subpoenas, and now complains that the United States will "occasion additional unavoidable delay" if it moves to quash the subpoenas.  (DE 95, at 2.) Because Arias Leiva unnecessarily delayed in issuing the subpoenas, he should not be able to benefit from his own delay in support of his motion.   In any event, if the United States decides to move to quash the subpoenas, it will so in a timely manner, which should avoid the need to continue the hearing.

WHEREFORE, the United States respectfully requests that the Court deny the motion to continue, or alternatively, to exclude evidence.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:      */s/ Robert J. Emery*
ROBERT EMERY
Assistant United States Attorney
Court ID No. A5501892
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: 305-961-9421
Email: Robert.emery2@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via CM/ECF on August 29, 2017.

*/s/ Robert J. Emery*
Assistant United States Attorney

6