UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23468-CV-O'SULLIVAN

IN THE MATTER OF THE EXTRADITION
OF ANDRES FELIPE ARIAS LEIVA

_____/

## ORDER

THIS MATTER came before the Court on the United States' Motion to Quash Subpoenas Issued to Officials of the U.S. Department of State (DE# 99, 9/14/17). The government seeks to quash subpoenas issued to three employees of the U.S. Embassy in Bogota, Colombia (Drew Blakeney, Silvana Del Valle Rodriguez and Federico Salcedo) and Tom Heinemann, Assistant Legal Adviser for Law Enforcement and Intelligence in the Office of the Legal Adviser, in Washington, D.C. Dr. Arias Leiva notes that explanatory evidence is permissible in extradition proceedings. See Andres Arias Leiva's Response to Colombia's Motion to Quash Subpoenas (DE# 103 at 1, 9/22/17).

"[I]t is well-established that 'extradition proceedings are not to be converted into a dress rehearsal trial.'" Polo v. Horgan, 828 F. Supp. 961, 966 n.6 (S.D. Fla. 1993) (quoting Koskotas v. Roche, 931 F.2d 169 (1st Cir. 1991)). "Although there is no explicit statutory basis for ordering discovery in extradition proceedings, the extradition court has the inherent power to order such discovery procedures as law and justice require." In re Mazur, No. 06 M 295, 2007 WL 839982, at *6 (N.D. Ill. Mar. 15, 2007) (quoting Oen Yin-Choy v. Robinson, 858 F.2d 1400, 1407 (9th Cir.1988) (citing Quinn v. Robinson, 783 F.2d 776, 817 n. 41 (9th Cir. 1986))).

Here, Dr. Arias Leiva has failed to show the relevance of the documents and

testimony he seeks.[1] Dr. Arias Leiva argues that the three embassy employees are being subpoenaed because they "were personally involved in helping Dr. [Arias Leiva] flee Colombia to seek asylum in the United States" and therefore their testimony "will show that these State Department officials knew that Dr. [Arias Leiva's] trial was not fair or neutral." Id. at 2, 12. The presence of these three embassy employees at the extradition hearing is unnecessary to establish the fact that they knew Dr. Arias Leiva was in trial when they assisted Dr. Arias Leiva and his family in traveling to the United States. Moreover, the personal beliefs of U.S. embassy employees concerning Dr. Arias Leiva's innocence or guilt have no bearing on the Court's determination on whether there is sufficient evidence to support a finding of probable cause as to each charge for which extradition is sought.

In a similar case, the court denied a motion for the issuance of a subpoena to a State Department official to provide "testi[mony] about how [the relator]'s case was handled internally. . . ." In re Mazur, 2007 WL 839982, at *8. In that case, counsel for the relator represented to the court that "the United States government initially refused to grant the extradition request because the [requesting government] had no case against [the relator], and [counsel] want[ed] to know the basis of that initial refusal." Id. at *6. The court found that the information sought was not relevant to the extradition proceedings:

> With regard to the State Department official and the testimony about how the State Department arrived at the conclusion that the extradition should be pursued, the Court does not see how such evidence is relevant to the limited issues before it. The fact is, the State Department did decide to grant [the requesting nation]'s request; that officials there may have hesitated or that they may initially have thought the case against [the relator] weak, simply does nothing to explain the evidence ultimately presented in the extradition complaint.

Id. at 8. Similarly here, any evidence concerning the beliefs of certain U.S. embassy employees concerning Dr. Arias Leiva's criminal trial is not relevant to the instant

---

[1] For purposes of this Order, the Court will assume, without finding, that the subpoenas were properly issued in this matter.

2

proceedings.

Dr. Arias Leiva further argues that it is necessary to subpoena Mr. Heinemann because Mr. Heinemann has submitted declarations to this Court which "are internally contradictory, and his testimony is necessary to clarify what exactly those declarations mean and what weight this Court should accord them." Andres Arias Leiva's Response to Colombia's Motion to Quash Subpoenas (DE# 103 at 7, 9/22/17). According to Dr. Arias Leiva, "[t]he testimony of Mr. Heinemann is necessary to clarify conflicts in the record regarding this Court's jurisdiction." Id. at 12. However, the Court has already ruled that it has jurisdiction over the instant proceedings finding that "the record evidence establishes that it is the official position of the executive branches of the United States and Colombia that the Extradition Treaty remains in full force and effect." Order (DE# 59 at 11, 2/6/17). The Court will persist in this ruling.

Based on the foregoing, it is

ORDERED AND ADJUDGED that the United States' Motion to Quash Subpoenas Issued to Officials of the U.S. Department of State (DE# 99, 9/14/17) is **GRANTED**. The subpoenas issued to Drew Blakeney, Silvana Del Valle Rodriguez, Federico Salcedo and Tom Heinemann are hereby **QUASHED**. It is further

ORDERED AND ADJUDGED that the Motion for Hearing on Motion to Quash Subpoenas and to Continue Extradition Hearing (DE# 105, 9/22/17) is **DENIED**.

DONE AND ORDERED, in Chambers, at Miami, Florida this 25 day of September, 2017.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record

3